COMMONWEALTH OF VIRGINIA, ex rel., VIRGINIA DEPARTMENT OF CONSERVATION AND ECONOMIC DEVELOPMENT, Virginia Mining and Reclamation Association, Lambert Coal Company, Inc., R & B Mining Corporation, J & J Coal Company, Inc., Golden Chip Coal Company, Coleman and Yates Coal Co., Inc., Jaward Corporation, Appellees,

v.

James G. WATT, Secretary, Department of Interior, Appellant,

and

Department of Interior, Defendant.

COMMONWEALTH OF VIRGINIA, ex rel., DEPARTMENT OF CONSERVATION AND ECONOMIC DEVELOPMENT, DIVISION OF MINED LAND RECLAMATION and Virginia Mining and Reclamation Association, Appellees,

v.

James G. WATT, Secretary, Department of Interior, Appellant,

and

James Richard Harris, Director, Office of Surface Mining, Ralph H. Cox, Virginia State Director, Office of Surface Mining, Defendants.

COMMONWEALTH OF VIRGINIA, ex rel., DEPARTMENT OF CONSERVATION AND ECONOMIC DEVELOPMENT, DIVISION OF MINED LAND RECLAMATION, Appellant,

and

Virginia Mining and Reclamation Association, Plaintiff,

v.

James G. WATT, Secretary, Department of Interior, James Richard Harris, Director, Office of Surface Mining, Ralph

H. Cox, Virginia State Director, Office of Surface Mining, Appellees.

Nos. 83–1730, 83–1888 and 83–1889.

United States Court of Appeals, Fourth Circuit.

Argued March 5, 1984.

Decided May 25, 1984.

Certiorari Granted Nov. 5, 1984. See 105 S.Ct. 379.

Walton D. Morris, Jr., Sp. Asst. U.S. Atty., Big Stone Gap, Va. (F. Henry Habicht, II, Asst. Atty. Gen., Washington, D.C., John P. Alderman, U.S. Atty., Morgan E. Scott, Jr., Asst. U.S. Atty., Roanoke, Va., Robert L. Klarquist, Dept. of Justice, Washington, D.C., on brief), for the Secretary of the Interior.

John L. Kilcullen, Washington, D.C. (Kilcullen, Wilson & Kilcullen Chartered, Washington, D.C., Elsey A. Harris, III, Mullins, Winston, Stout & Thomason, Norton, Va., on brief), for Virginia Mining and Reclamation Association, Jaward Corp., R & B Mining Corporation, J & J Coal Company, Inc., Golden Chip Coal Company, Coleman and Yates Coal Company, Inc., Lambert Coal Company, Inc.

Roger L. Chaffe, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Va., Richmond, Va., on brief), for The Commonwealth of Virginia.

Before HALL, PHILLIPS and SPROUSE, Circuit Judges.

K.K. HALL, Circuit Judge:

The Secretary of the Interior ("Secretary") appeals from preliminary injunctions entered by the district court, prohibiting Interior's Office of Surface Mining ("OSM") from issuing cessation orders at certain surface coal mining and reclamation operations in the Commonwealth of Virginia. The Commonwealth cross-appeals from the district court's denial of its request for preliminary injunctive relief.[1] We conclude that under federal law the underlying actions against the Secretary may be brought only in the United States District Court for the District of Columbia. Accordingly, we reverse and remand with instructions to dissolve the preliminary injunctions and to dismiss the actions for lack of subject-matter jurisdiction.

## I.

The Surface Mining Control and Reclamation Act of 1977 ("SMCRA"), 30 U.S.C. § 1201 *et seq.*, was enacted to provide for comprehensive regulation of surface coal mining and reclamation of mined lands. The purpose of the SMCRA is to "establish a nationwide program to protect society and the environment from the adverse effects of surface coal mining operations." *Id.* at 1202(a).

After an initial period of direct regulation by the Department of the Interior, primary responsibility for the supervision of mining and reclamation activities is delegated to the individual states. This transfer of authority takes place when a state submits an acceptable regulatory program that is approved by the Secretary. 30 U.S.C. § 1253.

The Commonwealth's state regulatory program was approved on December 15, 1981, subject to its compliance with certain conditions, including two conditions related to a federal exemption for mining operations which affect less than two acres.[2] Subsequently, in 1982, the Virginia legislature enacted Chapter 23, Va.Code § 45.1–362 through 45.1–380 (1982), entitled "Surface Mining of Coal for Operations Disturbing Two Surface Acres or Less." According to the Secretary, Chapter 23 is inconsistent with the SMCRA and the federal regulations governing the two-acre exemption and creates a jurisdictional overlap with the approved state program, allowing coal operators to evade federal regulation of their mines. Specifically, the Secretary alleges that Chapter 23 fails to include in the two-acre calculation the land above underground mine workings and conflicts with the federal treatment of haulage

---

1. Our jurisdiction to hear this appeal and cross-appeal arises under 28 U.S.C. § 1292(a)(1).

2. The SMCRA provides that its requirements are not applicable to "the extraction of coal for commercial purposes where the surface mining operation affects two acres or less." 30 U.S.C. § 1278. By regulation, the Secretary has defined "affected area" for purposes of the two-acre exemption to include the land or water which is located above underground mine workings, and "every road used ... for hauling coal to or from surface coal mining and reclamations," unless the road is designated as a public road, is maintained with public funds, and has

substantial public use. 30 C.F.R. § 701.5. Additionally, 30 C.F.R. § 700.11(b) expressly requires coal operators to include in their calculation of affected area the haulage roads used in common with other mines and requires consideration of the cumulative disturbance of physically and economically related operations. Operations are considered physically related if drainage from both operations flows into the same watershed within five aerial miles of either operation. Operations are considered economically related if they are under common ownership or control. 30 C.F.R. § 700.11(b)(2) and (3).

roads and multiple mining operations under 30 C.F.R. §§ 701.5 and 700.11.

Using his oversight authority, pursuant to 30 C.F.R. §§ 730.11, 732.17, and Part 33, the Secretary began enforcement actions against the Commonwealth and certain coal operators to comply with the federal law and regulations governing the two-acre exemption. The Secretary's actions included the issuance of cessation orders against the operators.

In response, several coal mine operators and the Commonwealth filed related actions below challenging the cessation orders issued by the OSM against coal mines, which the Commonwealth, pursuant to Chapter 23, had declared to be exempt from federal permitting requirements. In their complaints for injunctive relief, the coal operators claimed that the Secretary was precluded from applying the two-acre criteria contained in the federal regulations and in Virginia's approved state program, because plaintiffs' coal mines were in compliance with Chapter 23. The coal operators further charged that the federal regulations governing the two-acre exemption were arbitrary, capricious, and inconsistent with the SMCRA.

The Commonwealth in its complaint challenged the Secretary's enforcement of the federal two-acre regulations and the approved Virginia program at mines which were exempt under the Commonwealth's Chapter 23 criteria. The Commonwealth claimed that the federal regulations unlawfully deny the Virginia legislature the power to regulate separately, mines which, according to the Commonwealth, are exempt from the federal criteria. The Virginia Mining and Reclamation Association ("VMRA"), a trade association representing state coal mining interests, intervened as a plaintiff in the action filed by the Commonwealth.

The district court, concluding that it had jurisdiction under 30 U.S.C. § 1276(a)(1), as well as federal question jurisdiction under 28 U.S.C. § 1331, granted preliminary injunctions, pursuant to 30 U.S.C. § 1276(c).[3] These injunctions prohibit the OSM, pending consideration of the merits of the controversy, from issuing cessation orders against those mines permitted by the Commonwealth under Chapter 23, where the mining operations are causing no environmental harm. The district court denied the broader preliminary injunction requested by the Commonwealth and the VMRA, which would have prohibited the OSM from issuing cessation orders to *any* two-acre mine claiming an exemption under Chapter 23. *Jaward Corporation v. Watt,* 564 F.Supp. 797 (W.D.Va.1983).

This appeal and cross-appeal followed.

## II.

On appeal, the Secretary contends that the district court lacked subject-matter jurisdiction over the proceedings below. We agree.[4]

30 U.S.C. § 1276(a)(1) provides for judicial review of the Secretary's rulemaking actions as follows:

> *Any action by the Secretary promulgating national rules or regulations ... shall be subject to judicial review in the United States District Court for the District of Columbia Circuit. Any other action constituting rulemaking by the*

---

**3.** 30 U.S.C. § 1276(c) provides that:

the Court may grant such temporary relief as it deems appropriate pending final determination of the proceedings if—

(1) all parties to the proceedings have been notified and given an opportunity to be heard on a request for temporary relief;

(2) the person requesting such relief shows that there is a substantial likelihood that he will prevail on the merits of the final determination of the proceeding; and

(3) such relief will not adversely affect the public health or safety or cause significant imminent environmental harm to land, air, or water resources.

**4.** Because we conclude that jurisdiction is lacking, we do not address the Secretary's remaining contention that the district court applied an incorrect statutory standard in ordering preliminary relief. Nor do we reach the contention raised in the cross-appeal that the district court erred in denying such relief to the Commonwealth.

Secretary shall be subject to judicial review only by the United States District Court for the District in which the surface coal mining operation is located ... A petition for review of any action subject to judicial review under this subsection shall be filed in the appropriate Court within sixty days from the date of such action, or after such date if the petition is based solely on grounds arising after the sixtieth day. Any such petition may be made by any person who participated in the administrative proceedings and who is aggrieved by the action of the the Secretary. (Emphasis added).

In *Tug Valley Recovery Center v. Watt*, 703 F.2d 796 (4th Cir.1983), this Court considered the SMCRA's provisions for judicial review and concluded that a district court in this Circuit lacks subject-matter jurisdiction over any action which is tantamount to an attack on a federal regulation. In that case, an environmental group had brought an action against the Secretary in the District Court for the Southern District of West Virginia, complaining that the Secretary's approval of West Virginia's regulatory program violated certain conflict-of-interest provisions of the SMCRA. The West Virginia program authorized administrative review of the regulatory authority's actions by a multiple interest board, but did not guarantee that the review board would be composed exclusively of persons who held no financial interest in coal mining operations.

The environmental group in *Tug Valley* claimed that the Secretary's approval of West Virginia's statutory program conflicted with the requirements of 30 U.S.C. § 1267(g), which, according to plaintiffs, prohibit any person with a financial interest in coal mining operations from participating on review boards. Multiple interest boards and commissions which include persons financially interested in coal operations are clearly permissible, however, under the Secretary's regulations. 30 C.F.R. § 705.5. The district court dismissed the action for lack of subject-matter jurisdiction, characterizing it as an attack on the

relevant federal regulation. On appeal, we affirmed, holding that under the SMCRA an action which constituted even an indirect attack on a federal regulation, could be brought only in the district court for the District of Columbia.

■ We find that our decision in *Tug Valley* governs the instant litigation and are unpersuaded by appellees' arguments and the district court's conclusion to the contrary. Focusing on the fact that the complaints challenged the Secretary's cessation orders on due process grounds, the district court reasoned that it had jurisdiction to review plaintiffs' procedural due process claims under that portion of 30 U.S.C. § 1276(a)(1) which provides that "[a]ny other action constituting rulemaking by the Secretary shall be subject to judicial review only by the United States District Court for the district in which the surface coal mining operation is located." *Jaward Corporation v. Watt*, 564 F.Supp. at 799. In spite of this conclusion, however, the district court examined the merits of the federal two-acre regulations in addressing the likelihood-of-success criteria for preliminary relief under 30 U.S.C. § 1276(c). Furthermore, the remedy fashioned by the district court is not directed at the Secretary's enforcement procedures, but instead prohibits any implementation of the federal two-acre regulations. Thus, the analysis employed by the district court inevitably leads back to our decision in *Tug Valley* that attacks on administrative action, taken in accordance with the Secretary's regulations, amount to attacks on the regulations themselves, and may not be heard in this Circuit.

■ Nor do we accept the rationale that federal question jurisdiction can be invoked to avoid the forum for judicial review made available by Congress to challenge national mining regulations. We conclude that our interpretation of 30 U.S.C. § 1276(a)(1) which we announced in *Tug Valley* gives effect to the logical purpose of specifying a single forum for review of the Secretary's rules. By foreclosing the possibility of

conflicting decisions on the validity of the national surface mining regulations, this Court's construction of the statute furthers Congress' stated intention to regulate the environmental impact of coal mining through nationwide minimum regulatory standards. 30 U.S.C. §§ 1201(g), 1202(a). Conflicts among various district courts concerning the validity of the federal regulations would impair or prevent the establishment of nationally uniform minimum standards. Moreover, under the view adopted by the district court and appellees in this case, those opposed to a national regulation could simply ignore the sixty-day statutory time limit prescribed for bringing an action in the District of Columbia and obtain relief later in their local jurisdiction. Such reasoning clearly subverts Congressional intent.[5]

### III.

Accordingly, for the foregoing reasons, we reverse the decision of the district court and we remand this matter to the district court with instructions to dissolve the preliminary injunctions and to dismiss the actions for lack of subject-matter jurisdiction.

REVERSED AND REMANDED.

5. The Commonwealth asks us to re-examine our decision in *Tug Valley* in light of the Sixth Circuit's opinion in *Holmes Limestone Co. v. Andrus,* 655 F.2d 732 (6th Cir.1981), *cert. denied,* 456 U.S. 995, 102 S.Ct. 2280, 72 L.Ed.2d 1292 (1982) (White and Blackmun, JJ., dissenting). In *Holmes Limestone,* the Sixth Circuit concluded that a district court in that Circuit had jurisdiction over an action to enjoin the OSM from enforcing prohibition of mining operations within 100 feet of a cemetery.

In the first place, the circumstances in *Holmes Limestone* are distinguishable from those presented by the instant case. In *Holmes,* the relevant federal regulation did not define "cemetery" and, therefore, it is arguable that the mining operators' action challenging the Secretary's construction of that term to include private family burial plots was not even an indirect attack on a federal regulation. In the present case, of course, the pertinent federal regulations specifically refer to haulage roads and the area located above underground workings, which are at the heart of plaintiffs' challenge below. Furthermore, insofar as there is any conflict between *Holmes* and *Tug Valley,* we reject the Sixth Circuit's jurisdictional analysis and reaffirm our holding in *Tug Valley.*